# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:24-CR-41 (LAG) |
| | : | |
| RODERICK TROYNELL BODIFORD, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

Before the Court is Defendant Roderick Troynell Bodiford's Unopposed Motion to Continue Trial (Motion). (Doc. 32). Therein, Defendant moves to continue the pretrial conference and trial in this matter, currently set for March 27, 2025, and April 21, 2025, respectively. (*Id.* ¶ 8; Doc. 26; *see* Docket).

On November 21, 2024, Defendant Roderick Troynell Bodiford was charged with one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Doc. 1). Defendant made his initial appearance on December 31, 2024, and pleaded not guilty. (Docs. 9, 10). On January 2, 2025, the Court entered a Scheduling Order setting the matter for trial. (Doc. 16). The Court granted Defendant's first Motion to Continue on January 13, 2025. (Docs. 23, 25). On January 22, 2025, the Court scheduled Defendant's pretrial conference and trial for April 4, 2025 and April 21, 2025, respectively. (Doc. 26). On March 4, 2025, the Court reset the pretrial conference for March 27, 2025. (*See* Docket). On March 21, 2025, Defendant filed the instant Motion. (Doc. 32). Therein, Defendant's Counsel represents that "[o]n March 12, 2025, a superseding indictment was filed," charging Defendant with the same crime alleged in the original indictment and "add[ing] a prior conviction[] enhancement." (*Id.* ¶ 4; *see* Doc. 29). Defendant is scheduled for his initial appearance on this superseding indictment on March 27, 2025. (*Id.* ¶ 6; *see* Docket). Defendant's Counsel further represents that a continuance is necessary to "review the discovery, to consider any appropriate pretrial motions, and to

prepare a proper defense for trial." (*Id.* ¶ 9). The Government does not oppose Defendant's Motion. (*Id.* ¶ 11).

Upon due consideration, the Court finds that the "ends of justice served by the granting of [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that failing to grant a continuance would result in a miscarriage of justice and deny Defendant's Counsel the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Accordingly, Defendant's Motion (Doc. 32) is **GRANTED**, and the delay occasioned by this continuance shall be deemed **EXCLUDABLE** pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

It is hereby **ORDERED** that the pretrial conference and trial in the above-captioned matter shall be **CONTINUED** to a date to be determined later. The deadlines in the Court's January 22, 2025 Scheduling Order (Doc. 26) are hereby terminated, and a new scheduling order will be forthcoming.

**SO ORDERED**, this 21st day of March, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**